[Cite as *State v. Nicholson*, 2018-Ohio-4909.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-17-1187

        Appellee                                   Trial Court No. CR0201602818

v.

Davonte Nicholson                            **DECISION AND JUDGMENT**

        Appellant                                   Decided:  December 7, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 19, 2017 judgment of the Lucas County Court of Common Pleas, convicting appellant on one count of murder, in violation of R.C 2903.02(B), with an accompanying firearm specification, pursuant to R.C. 2941.145. Appellant was sentenced to a term of incarceration of 15 years to life on the murder

conviction, and a consecutive three-year term of incarceration on the firearm specification. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Davonte Nicholson, sets forth the following assignment of error:

Did the jury err when it found [appellant] guilty because the evidence was insufficient to support the finding and the finding was not sustained by the manifest weight of the evidence?

{¶ 3} The following undisputed facts are relevant to this appeal. On September 9, 2016, the victim, the victim's girlfriend, and her children were driving together to a birthday party for the victim's minor son. They stopped en route at an area 7-Eleven store in order to pick up several pizzas for the party.

{¶ 4} Coincidentally, the clerk working at the 7-Eleven store recognized the victim as someone who the clerk's drug dealer wanted to locate. The victim had allegedly stolen $3,000 and several mobile phones from the drug dealer on a prior occasion.

{¶ 5} In response to observing the victim at her place of employment, the clerk immediately called her drug dealer and conveyed to him the victim's current location. Several minutes later, the drug dealer called the clerk back and indicated that he was heading to the store and he asked that in the interim, she attempt to delay the victim's departure.

{¶ 6} The drug dealer arrived at the location several minutes later, accompanied by several of his cohorts. Appellant, one of the drug dealer's associates who had traveled

2.

with the drug dealer to confront the victim, walked up to the driver's side window of the vehicle where the victim was located, put a firearm into the victim's window, shot the victim at point-blank range, killing the victim. Security video cameras at the 7-Eleven store captured these events.

{¶ 7} During the subsequent police investigation, the victim's girlfriend positively identified the shooter from the store security camera footage of the incident. In addition, the store clerk admitted that she had called the drug dealer and alerted him to the presence of the victim at the 7-Eleven store.

{¶ 8} The clerk further admitted to the investigating officers that she was familiar with appellant and that she witnessed him shoot the victim. The clerk also conveyed to the investigating officers that the drug dealer called the clerk back later that day confirming that the victim had been eliminated and threatening the clerk that she would be as well if she shared her information on the matter with anyone.

{¶ 9} On September 30, 2016, appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01, and one count of murder, in violation of R.C. 2903.02, both counts with accompanying firearm specifications.

{¶ 10} On June 19, 2017, appellant's case proceeded to a jury trial. Appellant was convicted of the lesser offense of murder, in violation of R.C. 2903.02, along with the accompanying firearm specification. Appellant was sentenced to a term of incarceration of 15 years to life imprisonment, with a consecutive three-year term of incarceration for the firearm specification. This appeal ensued.

3.

{¶ 11} In the sole assignment of error, appellant contends that his conviction was not supported by sufficient evidence and that it was against the manifest weight of the evidence. We do not concur.

{¶ 12} It is well-established that in assessing the veracity of sufficiency of the evidence claims on appeal, the relevant inquiry is whether upon viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 13} We have reviewed and considered the record of evidence submitted in this matter. The record contains security camera video footage reflecting the occurrence of this event. The video footage shows the person positively identified to be appellant approaching the victim's vehicle and shooting the victim at point-blank range.

{¶ 14} The record further contains the eyewitness testimony of the store clerk. The store clerk conceded in her testimony to calling a drug dealing friend of appellant's and telling him that the victim whom he was looking for in connection to a past theft of $3,000 from the drug dealer was currently at the store. The clerk further testified that the drug dealer called her back in order to ensure that the victim did not depart prior to his arrival. The clerk testified that she observed the drug dealer and two of his associates arrive at the scene. Significantly, the clerk gave additional eyewitness testimony of directly observing appellant walk up to the driver side window of the vehicle and shoot the victim.

4.

{¶ 15} The record further reflects the testimony of one of appellant's accomplices. The accomplice testified that he, the drug dealer, and appellant sped to the 7-Eleven store upon learning the victim was there. The accomplice further testified that he walked to the passenger side of the vehicle, while appellant walked up to the driver side of the vehicle. The accomplice gave additional eyewitness testimony of witnessing appellant shoot the victim through the motor vehicle window at point-blank range.

{¶ 16} Conversely, appellant unpersuasively testified on his own behalf simply unilaterally denying all of these events despite the testimony of numerous eyewitnesses, and despite the collaborating video security camera footage reflecting the event. In addition, appellant conceded to various falsehoods that he conveyed to the investigating officers during the police investigation.

{¶ 17} We find that the record of evidence encompasses ample evidence from which a rational trier of fact could conclude that on September 9, 2016, appellant was present at the 7-Eleven store were the victim was located, walked up to the victim's motor vehicle window, pulled out a loaded firearm, and shot the victim through the window, killing the victim.

{¶ 18} With respect to appellant's manifest weight of the evidence argument on appeal, it is well-established that when assessing whether a disputed conviction is against the manifest weight, this court must review the record, weigh the evidence and inferences, consider witness credibility, and decide whether in resolving evidentiary conflicts, the trier of fact clearly lost its way and caused a manifest miscarriage of justice

5.

necessitating a new trial. *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.).

{¶ 19} As discussed above, the record of evidence encompasses extensive eyewitness testimony of multiple witnesses observing appellant shoot the victim. The eyewitness testimony was collaborated by security camera footage captured at the 7-Eleven store. Conversely, appellant gave generic, unsupported, unpersuasive testimony on his own behalf. The record is devoid of any evidence that the disputed conviction was a manifest miscarriage of justice.

{¶ 20} On consideration whereof, we find that substantial justice has been done in this matter. Appellant's assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

Mark L. Pietrykowski, J. _____

Arlene Singer, J. _____

Thomas J. Osowik, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.